UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
IN RE APPLICATION OF USA PURSUANT     )          ML No: 20-1270
TO 18 U.S.C. § 3512 FOR ORDER FOR          )
COMMISSIONER'S APPOINTMENT FOR       )
FRAUD INVESTIGATION                              )
_____)

*Reference:*     *DOJ Ref. # CRM-182-75264*

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel,

respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512,

appointing the undersigned attorney, Margarita I. Pendarvis, Trial Attorney, Office of

International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor

subsequently designated by the Office of International Affairs), as a commissioner to collect

evidence and to take such other action as is necessary to execute this and any subsequent,

supplemental requests for assistance with the above-captioned criminal matter from Bulgaria.  In

support of this application, the United States asserts:

RELEVANT FACTS

1.       The Supreme Prosecutor's Office of Cassation of the Republic of Bulgaria

submitted a request for assistance (the Request) to the United States, pursuant to the Treaty

Between the Government of the United States of America and the Government of the Republic of

Bulgaria and the Agreement on Certain Aspects of Mutual Legal Assistance in Criminal Matters

Between the Government of the United States of America and the Government of the Republic of

Bulgaria, U.S. - Bulg., September 19, 2007, S. TREATY DOC. NO. 110-12 (2008) (Treaty).

2.      As stated in the Request, the District Prosecutor's Office in Kavarna, in Bulgaria, is investigating unknown subjects for fraud, which occurred between in or about March 2020 and May 2020, in violation of the criminal law of Bulgaria, specifically, Article 209 of the Bulgarian Criminal Code.  Under the Treaty, the United States is obligated to assist in response to the Request.

3.      According to Bulgarian authorities, the Victim had been communicating via Facebook with someone she believed to be Malik Samson (Samson), who was allegedly a military officer stationed in Afghanistan.  Samson claimed that he would retire in Bulgaria and that he had found a large amount of money that he wanted to send to the Victim.  The Victim agreed to receive the money, but Samson claimed that before he could send the money, the Victim had to pay for a Certificate of Money Laundering.  As a result, on May 8, 2020,  the Victim transferred USD 9,993 to Fast West Bank account number XXXX4329, located in the United States.  Subsequently, the Victim discovered that the photos published on Facebook by the person purporting to be Samson were, in fact, photos of United States Army general Mark Miley.  The Victim then reported the fraud to Bulgarian authorities.

4.      To further the investigation, Bulgarian authorities have asked U.S. authorities to provide bank records pertaining to Fast West Bank account number XXXX4329, and to interview the account holder(s), if he is located in the United States.

<u>LEGAL BACKGROUND</u>

5.      A treaty[1] constitutes the law of the land.  U.S. Const. art. VI, cl. 2.  The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103

_____

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

(1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001).  The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it."  United States v. Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted).  To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute.  Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

6.      The United States and Bulgaria entered into the Treaty to promote more effective judicial cooperation and assistance between the parties in criminal matters.  See Treaty, pmbl. The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, records, and executing searches and seizures. Article 1.

7.      When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
> *                   *                   *
>
> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
> *                   *                   *
>
> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making

requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

8.     Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme."  155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2]  This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

9.     An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[4]  Upon

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities.  See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . .  Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  *See* 18 U.S.C. § 3512(a)(1)--(b)(1).  In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

10.     Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents.  The appointed person has authority to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena."  Any such subpoena may be served or executed anywhere in the United States.  18 U.S.C. § 3512(f).  A sample "Commissioner's Subpoena" is included as Attachment A.

<u>REQUEST FOR ORDER</u>

11.     The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself.  Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section

---

[5] The term "federal judge" includes a magistrate judge.  <u>See</u> 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

3512. In addition, the Request was submitted by an appropriate "foreign authority," the Supreme Prosecutor's Office of Cassation of the Republic of Bulgaria, a designated Central Authority in Bulgaria, which seeks assistance in the investigation and prosecution of fraud – a criminal offense in Bulgaria. The requested Order is necessary to execute the Request, and the assistance requested, i.e., bank records and interviews, falls squarely within that contemplated by Section 3512. Finally, this application was properly filed in the District of Columbia.

12.     This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.

13.     When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions. Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients. This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance. Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987). Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person(s) or entity(ies) other than the

recipient(s) of any given commissioner subpoena.

14.     Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Margarita I. Pendarvis, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent, supplemental requests in connection with the same matter, in a manner consistent with the intended use of the evidence

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By:     _____
        Margarita I. Pendarvis
        Trial Attorney
        D.C. Bar Number 888283921
        Office of International Affairs
        Criminal Division, Department of Justice
        1301 New York Avenue, N.W.
        Washington, D.C. 20530
        (202) 307-0646
        Margarita.Pendarvis@usdoj.gov

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

)
IN RE APPLICATION OF USA PURSUANT        )
TO 18 U.S.C. § 3512 FOR ORDER FOR        )
COMMISSIONER'S APPOINTMENT FOR           )
*[Insert Nature of Case/Investigation]*  )
                                         )
_____)

*Reference:*     *[Insert DOJ#]*
**(*Please repeat when responding.*)**

<u>COMMISSIONER'S SUBPOENA</u>

TO: *[Insert Name of Entity]*

I, Commissioner *[Insert Attorney Name]*, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice, acting pursuant to 18 U.S.C. § 3512, and this Court's Order signed on *[Insert Date]*, for the purpose of rendering assistance to *[Insert Country]*, command that you provide the following documents regarding (an) alleged violation(s) of the laws of *[Insert Country]*; specifically, *[Insert Name of Offense(s)*, in violation of Section *[Insert Number]* of the *[Insert Country Adjective] [Criminal][Penal]* Code.

Provide records to International Affairs Specialist *[Insert Name]* by emailing them to *[Insert Email Address]* or by mailing via FedEx either a paper copy of the records or any commonly used digital storage device loaded with the files to the following mailing address by _____, 20__:

*[Insert IAS Name, Mailing Address, Email Address, and Telephone Number]*

For failure to provide records **[If Applicable Add:** *and/or appear for testimony***]**, you may be deemed guilty of contempt and liable to penalties under the law.

Date: _____

_____
COMMISSIONER
*[Insert Name]*
Trial Attorney
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W.
Washington, D.C. 20530
(202) *[Insert Number]*
*[Insert Email Address]*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF USA PURSUANT   )       ML No: 20-1270
TO 18 U.S.C. § 3512 FOR ORDER FOR   )
COMMISSIONER'S APPOINTMENT FOR      )
FRAUD INVESTIGATION                 )
                                    )

*Reference:       DOJ Ref. # CRM-182-75264*

<u>ORDER</u>

Upon application of the United States seeking an order, pursuant to 18 U.S.C. § 3512, appointing Margarita I. Pendarvis, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to execute the above-captioned request from Bulgaria (the Request) to collect evidence for use in a criminal investigation, prosecution, or proceeding in Bulgaria, and any subsequent, supplemental requests, and the Court having fully considered this matter,

IT IS THEREFORE ORDERED, pursuant to the authority conferred by 18 U.S.C. § 3512, that Margarita I. Pendarvis (or a substitute or successor designated by the Office of International Affairs) is appointed as a commissioner of this Court (the commissioner) and is directed to execute the Request and any subsequent, supplemental requests made by Bulgaria in connection with the above-captioned investigation and prosecution and to take such steps as are necessary to collect the evidence requested in this or any subsequent, supplemental requests in connection with the same criminal matter.  In doing so, the commissioner:

1.      may issue commissioner's subpoenas to be served at any place within the United States on persons (natural and legal) ordering them or their representatives to appear and to testify and/or produce evidence located within the United States;

2.      shall adopt procedures to collect the evidence requested consistent with its use in the investigation, prosecution, or proceeding in Bulgaria for which the District Prosecutor's Office in Kavarna has requested assistance, which may be specified in the Request or subsequent requests in this matter or provided by, or with the approval of, the Supreme Prosecutor's Office of Cassation of the Republic of Bulgaria;

3.      may, in collecting the evidence requested, be assisted by persons whose presence or participation is authorized by the commissioner, including, without limitation, individuals employed by U.S. law enforcement agencies and/or representatives of Bulgaria who, as authorized or directed by the commissioner, may direct questions to any witness;

4.      may seek such further orders of this Court as may be necessary to execute this Request, or subsequent requests in this matter including orders to show cause why persons served with commissioner's subpoenas who fail to appear and/or produce evidence should not be held in contempt;

5.      shall transmit the evidence collected to Bulgaria.


Date: _____                    _____

                                        UNITED STATES MAGISTRATE JUDGE


2